IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

SCOTT C. SONDA and the
ESTATE of MARK ALAN SONDA,
Petitioners Below, Petitioners

FILED
December 4, 2025

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.)  No. 25-ICA-201**          (W. Va. Office of Tax Appeals Docket No. 24-1041)

MATTHEW R. IRBY, in his official capacity
as State Tax Commissioner of West Virginia,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioners Scott C. Sonda and the Estate of Mark Alan Sonda (the "Estate") appeal the West Virginia Office of Tax Appeals' ("OTA") April 14, 2025, final decision affirming Respondent Matthew R. Irby, in his official capacity as State Tax Commissioner of West Virginia's ("Tax Commissioner") ad valorem property tax assessments for tax year 2024. The issue on appeal is whether the Tax Commissioner's valuations of Mr. Sonda's and the Estate's oil and gas royalty interests were erroneous. The Tax Commissioner filed a response.[1] Mr. Sonda and the Estate filed a joint reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming OTA's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The facts in this case are undisputed. Mr. Sonda and the Estate each own undivided one-half royalty interests in five natural gas wells located in Brooke County and nine natural gas wells in Ohio County. For tax year 2024, based on royalty information provided by the wells' producer, SWN Production Company, LLC, Mr. Sonda's Brooke County royalty interests were valued by the Tax Commissioner at $1,934,036.00, resulting in an assessment of $1,160,422.00, yielding a tax levied in the amount of $30,830.00. Mr. Sonda's Ohio County royalty interests were valued at $326,650.00, resulting in an assessment of $195,990.00, yielding a tax levied in the amount of $4,527.00. The Estate's

---

[1] Mr. Sonda and the Estate are represented by J. Anthony Edmond Jr., Esq. The Tax Commissioner is represented by Attorney General John B. McCuskey, Esq., Assistant Attorney General John F. Willems, Esq., and Assistant Attorney General Christopher S. Etheredge, Esq.

1

Brooke County royalty interests were valued at $1,934,036.00, resulting in an assessment of $1,160,422.00, yielding at tax levied amount of $30,830.00. The Estate's Ohio County royalty interests were valued at $327,935.00, resulting in an assessment of $196,761.00, yielding a tax levied amount of $4,545.01.[2]

Mr. Sonda and the Estate disagreed with these valuations and appealed to OTA. OTA held an evidentiary hearing and on April 14, 2025, issued its final decision, affirming the Tax Commissioner's valuations of the subject royalty interests. This appeal of OTA's April 14, 2025, final decision followed.

Our appellate standard of review for OTA decisions is as follows:

> In an administrative appeal from the decision of the West Virginia Office of Tax Appeals, this Court will review the final order… pursuant to the standards of review in the State Administrative Procedures Act set forth in W. Va. Code § 29A-5-4(g) [2021]. Findings of fact of the administrative law judge will not be set aside or vacated unless clearly wrong, and, although administrative interpretation of State tax provisions will be afforded sound consideration, this Court will review questions of law de novo.

*Lemley v. Markwest Liberty Midstream & Resources, LLC, et al.*, No. 24-ICA-438, 225 WL 3157884, at *4 (W. Va. Ct. App. Nov. 12, 2025) (quoting Syl. Pt. 1, *Griffith v. ConAgra Brands, Inc.*, 229 W. Va. 190, 728 S.E.2d 74 (2012)). Further, the West Virginia Administrative Procedures Act standards of review provides:

> (g) The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

---

[2] The slight discrepancy between the valuation of Mr. Sonda's and the Estate's royalty interests in Ohio County results from the production and royalty information reported to the Tax Commissioner by producer, SWN Production Company, LLC.

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021).

Moreover, it is well settled in West Virginia that an assessing officer's property valuations are presumed to be correct. *See* Syl. Pt. 1, *Berkeley County Council v. Government Properties Income Trust LLC*, 247 W. Va. 395, 880 S.E.2d 487 (2022). The taxpayer must show error in the assessing officer's valuation by a preponderance of the evidence. *See* W. Va. Code § 11-l0A-l0(h) ("the standard of proof which a taxpayer must meet at all levels of review and appeal shall be a preponderance of the evidence standard."). With these standards in mind, we consider the parties' arguments.

Mr. Sonda and the Estate assert in their first assignment of error that the yield capitalization valuation model used by the Tax Commissioner does not produce the true and actual value of Mr. Sonda's and the Estate's royalty interests as required by West Virginia Code § 11-3-1(a) (2014). The Tax Commissioner argues that he is required by the West Virginia Legislature to apply the yield capitalization model in determining the true and actual value of oil and gas property and therefore complied with West Virginia Code § 11-3-1(a). We agree with the Tax Commissioner.

The crux of Mr. Sonda's and the Estate's argument is that the yield capitalization model mandated by the Legislature as applied in the case does not comply with the true and actual value requirement in West Virginia Code § 11-3-1, which provides

> (a) All property, except public service businesses assessed pursuant to article six of this chapter, shall be assessed annually as of July 1 at sixty percent of its true and actual value; that is to say, at the price for which the property would sell if voluntarily offered for sale by the owner thereof, upon the terms as the property, the value of which is sought to be ascertained, is usually sold, and not the price which might be realized if the property were sold at a forced sale.

We find that this argument fails because with respect to oil and gas producing property, the West Virginia Legislature directs that "[t]he Tax Commissioner shall value property producing oil, natural gas, natural gas liquids, or any combination thereof in the state at its fair market value determined through the process of applying a yield capitalization model to the net proceeds." W. Va. Code § 11-1C-10(d)(3)(A); *see also Mazgaj v. Irby*, 24-ICA-395, 2025 WL 1778814, at *4 (W. Va. Ct. App. June 27, 2025) (memorandum decision) *and Whetzel v. Irby*, 24-ICA-370, 2025 WL 1778889, at *3 (W. Va. Ct. App. June 27, 2025) (memorandum decision) (under West Virginia law, the Tax Commissioner is obligated to determine the value of property producing oil and gas at its

3

fair market value by applying the yield capitalization model to net proceeds). Pursuant to West Virginia Code § 11-1A-3(i) the phrase "true and actual value" as used in West Virginia Code § 11-3-1(a) and the phrase "fair market value" as used in West Virginia Code § 11-1C-10(d)(3)(A) are synonymous. Since those terms have the same meaning, we conclude that applying the yield capitalization model to value oil and gas royalty interests for property tax purposes is not by its design inconsistent with the "true and actual value" requirement of West Virginia Code § 11-3-1(a).

In their second assignment of error, Mr. Sonda and the Estate contend that the yield capitalization model does not produce true and accurate valuations. They claim that incorrect decline rates were applied to the wells in question. Mr. Sonda's and the Estate's expert proposed an alternate valuation method which applies a decline rate that differs from the decline rate determined in accordance with West Virginia Code of State Rules § 110-1J-5.3. At the hearing, the Tax Commissioner's expert detailed how he followed the yield capitalization model and derived the decline rate using West Virginia Code of State Rules § 110-1J-5.3. Mr. Sonda and the Estate assert that an alternate valuation method (that does not comply with the statutorily mandated yield capitalization model and does not apply the mandated decline rates) results in a more accurate value for property tax purposes. OTA, after reviewing all submitted testimony and documents expressing opinions as to the value of petitioners' property at issue, found that Mr. Sonda and the Estate failed to prove by a preponderance of the evidence that the Tax Commissioner's valuation is not supported by substantial evidence or is otherwise in contravention of any regulation, statute, or constitutional provision. *See Berkeley Cnty. Council v. Gov't Props. Income Tr., LLC*, 247 W. Va., 395, 408, 880 S.E.2d 487, 500. We find no error in OTA's decision on this issue given the record below and our deference to OTA's findings of fact.

Lastly, Mr. Sonda and the Estate argue that OTA improperly struck exhibits attached to their reply brief filed with OTA following the evidentiary hearing. In its June 4, 2025, order striking the exhibits, OTA determined that pursuant to the evidentiary hearing notice, the submission of exhibits closed on July 16, 2024, and the new exhibits were filed in November 2024. OTA noted that the exhibits did not relate to the royalty interests in question, that Mr. Sonda and the Estate did not show any reason the exhibits could not have been submitted at the evidentiary hearing, and Mr. Sonda and the Estate did not show how the documents would have changed OTA's understanding or analysis of the testimony presented at the hearing. Rulings on the admissibility of evidence and procedural rulings are within OTA's discretion, and we conclude that OTA's decision to strike the late-filed exhibits is not an abuse of that discretion.

Accordingly, OTA's April 14, 2025, final decision is affirmed.

Affirmed.

**ISSUED:**  December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White